UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER GREER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-0402-CVE-FHM |
| ) | |
| SUNTRUST MORTGAGE, INC. ) | |
| and SETERUS, INC., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court is SunTrust Mortgage, Inc.'s Motion to Dismiss and Brief in Support (Dkt. # 16). Defendant SunTrust Mortgage, Inc. (SunTrust) argues that plaintiff Christopher Greer lacks standing to assert his claims because his claims are property of a bankruptcy estate. SunTrust also argues that plaintiff has failed to state claims upon which relief may be granted. Plaintiff responds that his claims accrued after he filed for bankruptcy and that, for all but one of his claims, he has pled sufficient facts to state claims upon which relief can be granted. Additionally, plaintiff requests leave to amend his complaint to remedy any improperly pled claims.

**I.**

On November 19, 2004, plaintiff signed a promissary note payable to Southern Mortgage Corporation in exchange for loan proceeds. Dkt. # 3-1, at 2. The same day, plaintiff and his former wife, Lorie Ann Greer, executed and delivered to Mortgage Electronic Registration Systems, Inc. a mortgage for the real estate located at 14101 East 87th Terrace North, Owasso, Oklahoma, as security for the note. Id. A few months later, the loan was sold to SunTrust. Id. at 3. On April 27,

2005, plaintiff was awarded sole ownership of the encumbered property in his divorce proceedings. Id. at 2.

In March 2009, plaintiff contacted SunTrust seeking a loan modification. Id. at 3. Plaintiff alleges that SunTrust requested documentation in conjunction with his request for a modification, which he provided. Id. Plaintiff further alleges that he remained in contact with SunTrust, and that SunTrust continued to request documentation, some of which he had previously furnished. Id. at 3-4.

Plaintiff filed for Chapter 7 bankruptcy protection on December 31, 2009. Dkt. # 16, at 2. A bankruptcy discharge was entered on June 15, 2010, and the final decree was entered on June 25, 2010. Dkt. # 3-1 at 4. During this bankruptcy, plaintiff reaffirmed his mortgage.[1] Id. Plaintiff did not list any legal claims against SunTrust in his bankruptcy schedules. Dkt. # 16, at 2; see also Dkt. # 16-1, at 5.

Plaintiff alleges that, on October 14, 2010, SunTrust again requested additional documentation. Dkt. # 3-1, at 4. Plaintiff maintains that he provided this documentation and that SunTrust denied his requested modification and informed him that the denial occurred because plaintiff failed to provide the documentation. Id. Plaintiff received multiple letters between July 1, 2011, and April 17, 2012, denying his modification request because he failed to meet default criteria and because of investor recommendation for denial. Id. Plaintiff remained current on his mortgage payments through April 2012. Dkt. # 16, at 2.

---

[1] In 2006, Plaintiff signed a second mortgage on the property in favor of Wells Fargo Bank, N.A., in exchange for a separate loan. Dkt. # 3-1, at 3. In March 2009, plaintiff also contacted Wells Fargo Bank, N.A. about a loan modification. Id. Plaintiff was able to obtain a modification of this loan. Id. Plaintiff also reaffirmed this mortgage. Id. at 4. This mortgage is not at issue in this case.

2

On April 18, 2012, Plaintiff contacted a SunTrust representative. Dkt. # 3-1, at 4. Plaintiff was told that, because he was current on his mortgage payments, he was ineligible for modification. Id. He was also told that, if he were to miss payments, he would qualify for distress programs and possibly other modification options. Id.; see also Dkt. # 16, at 2. Plaintiff suspended his mortgage payments and, on June 4, 2012, he was informed that he was in default. Dkt. # 3-1, at 5. Plaintiff alleges that these missed payments and their consequences have damaged his credit. Id. at 6.

On August 15, 2012, plaintiff's loan was transferred to Seterus, Inc. (Seterus). Id. at 5. Plaintiff alleges that he contacted Seterus on September 1, 2012, to discuss a loan modification. Id. Plaintiff further alleges that, after contacting Seterus multiple times and having several modification requests rejected, Seterus informed him that it would be accelerating the maturity of his loan. Id. Plaintiff maintains that a Seterus employee informed him that programs existed to avoid foreclosure and that a Seterus "deal constructor" would contact him. Id. Plaintiff states that he was never contacted by a constructor and that, on December 13, 2012, he received notice that foreclosure proceedings would be initiated. Id. A foreclosure action was filed on February 21, 2013, and was dismissed on April 30, 2013. Id.

Plaintiff filed this case in the District Court of Tulsa County, Oklahoma, on June 3, 2013. Dkt. # 3, at 1. Seterus removed to this Court on July 5, 2013, on the basis of federal question and diversity jurisdiction. Id. at 1-2. SunTrust then filed this motion to dismiss.  Dkt. # 16, at 1.

**II.**

SunTrust asserts that plaintiff lacks standing to bring suit and that his claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Federal courts are courts of limited jurisdiction and, as the party seeking to invoke federal jurisdiction, plaintiff bears the burden of

3

proving that jurisdiction is proper. See Southway v. Cent. Bank of Nigeria, 328 F.3d 1267, 1274 (10th Cir. 2003). A court lacking jurisdiction "cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). Motions to dismiss under Rule 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs, Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Here, SunTrust has challenged the factual basis upon which subject matter jurisdiction rests. Dkt. # 16, at 2-5. In this case, a court must look beyond the petition and may allow documentary or testimonial evidence; it need not accept the allegations in the compliant as true. Paper, Allied-Indus., Chem. and Energy Workers Int'l Union v. Cont'l Carbon Co., 428 F.3d 1285, 1292-93 (10th Cir. 2005). However, if "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim," then the Rule 12(b)(1) motion must be converted into a Rule 12(b)(6) motion or a motion for summary judgment. Pringle v. United States, 208 F.3d 1220, 1222-23 (10th Cir. 2000) (per curiam). Here, the jurisdictional facts have no relation to any aspect of plaintiff's substantive claim, so no conversion is necessary.

      SunTrust also asserts that plaintiff has failed to state a claim upon which relief can be granted, and it asks the Court to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

#### A. Rule 12(b)(1)

SunTrust asserts that plaintiff lacks standing to bring claims that accrued prior to his bankruptcy and that plaintiff's claims must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Dkt. # 16, at 1, 3-4. SunTrust maintains that plaintiff's claims alleged in this case accrued prior to his bankruptcy, and because plaintiff did not schedule these claims and the claims have not been abandoned by the bankruptcy trustee, plaintiff is not a real party


in interest. Id. at 4-5. Plaintiff responds that any facts provided that occurred prior to his bankruptcy were intended only to provide context, and that his claims did not accrue until after the bankruptcy. Dkt. # 27, at 3-4.

A plaintiff who is not a real party in interest lacks standing. RMA Ventures Cal. v. SunAmerica Life Ins. Co., 576 F.3d 1070, 1073 (10th Cir. 2009). At issue is whether plaintiff's claims are his property or the property of the bankruptcy estate. A debtor filing for bankruptcy protection must list all the assets of his estate. Clark v. Trailiner Corp., No. 00-5020, 2000 WL 1694299, at *1 (10th Cir. Nov. 13, 2000).[2] This includes legal claims. Id. "A legal claim becomes part of the debtor's property at the time a claim first could have been filed." Wilson v. Tucker, No. 10-CV-0714-CVE-FHM, 2011 WL 43089, at *2 (N.D. Okla. Jan. 5, 2011). Accordingly, if plaintiff's claims arose prior to bankruptcy, they should have been listed among his assets in the bankruptcy proceedings. Properly scheduled assets, which have not otherwise been administered, revert to the debtor through abandonment when the bankruptcy action is closed. Clark, 2000 WL 1694299, at *1. If an asset has not been properly scheduled, it will remain the property of the bankruptcy estate. Id. "As a result, the debtor loses all rights to enforce any unscheduled legal claim in his own name." Id.

Plaintiff did not list any of his claims against SunTrust in his bankruptcy filing. Dkt. # 16-1, at 5.[3] However, plaintiff was not required to list the majority of his claims because they did not

---

[2] This and all other unpublished opinions are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[3] Because standing has been challenged under Rule 12(b)(1), the Court may consider documentary evidence. Paper, Allied-Indus., Chem. and Energy Workers Int'l Union, 428 F.3d at 1292-93.

accrue until after plaintiff filed for bankruptcy. Each one of plaintiff's claims is based, at least in part, on SunTrust allegedly inducing him to forgo his mortgage payments. Dkt. # 3-1, at 6-13. This alleged inducement took place after plaintiff declared bankruptcy. Id. at 4-5. Any claim based solely on SunTrust's alleged inducement would not have accrued until after the bankruptcy filing and would not have had to have been scheduled. The only claim based in part on acts occurring before the bankruptcy filing is plaintiff's claim for contributory negligence and negligent representation.[4] Id. at 7-8. In that cause of action, plaintiff alleges that SunTrust was negligent in losing paperwork and failing to adequately communicate with plaintiff. Id. Although plaintiff alleges SunTrust lost paperwork and failed to adequately communicate both before and after his bankruptcy filing, it is clear that here he refers to the actions occurring prior to the filing, as he blames them for the filing itself. Id. at 8. Assuming these alleged actions are sufficient to state a claim, plaintiff's claim would necessarily have accrued prior to the bankruptcy filing, as plaintiff would have been able to bring a claim at that time. The remainder of plaintiff's claim for contributory negligence and negligent

---

[4]     Defendant seeks, in other causes of action, damages arising prior to his bankruptcy filing. See, e.g., Dkt. # 3-1, at 7 (including among his damages "fees associated with filing bankruptcy"). Regardless of the appropriateness of awarding damages arising prior to the allegedly tortious activity, plaintiff's claims had not accrued when those alleged damages occurred; they accrued when the allegedly tortious conduct took place. Accordingly, plaintiff's claims accrued after the bankruptcy filing, notwithstanding his allegations involving damages.

Additionally, plaintiff describes as a component of his claim for intentional infliction of emotional distress, the distress he experienced from going through bankruptcy proceedings. Id. at 10. However, he claims that this distress was caused by SunTrust's alleged advice to forgo payments (id.), which did not occur until well over a year after plaintiff's bankruptcy case was closed. Compare id. at 4, with Dkt. # 16-2, at 6. Such distress cannot form the basis of this claim.

7

representation is based upon SunTrust's alleged inducement and, as the alleged inducement occurred after the filing, did not accrue prior to plaintiff's bankruptcy filing.

Because plaintiff's claim based upon SunTrust's alleged lack of communication and loss of paperwork accrued prior to bankruptcy, plaintiff had a duty to schedule it. Because it was unscheduled, it is still property of the bankruptcy estate. Accordingly, plaintiff lacks standing to pursue the claim, as he is not the real party in interest. Plaintiff's claim for contributory negligence and negligent representation due to SunTrust's alleged lack of communication and loss of paperwork is dismissed pursuant to Rule 12(b)(1) for lack of standing. Plaintiff's other claims, including his additional claims against SunTrust for contributory negligence and negligent representation, are not dismissed for lack of standing.

### B. Rule 12(b)(6)

SunTrust alleges that each of plaintiff's claims against it fail to state a claim upon which relief may be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### 1.

Plaintiff's "first cause of action"[5] alleges tortious interference with contract, fraudulent inducement, and promissory estoppel. Dkt. # 3-1, at 6. Plaintiff admits that his claim of tortious interference was improperly pled.[6] Dkt. # 27, at 4. The Court grants the motion to dismiss as to plaintiff's claim for tortious interference.

---

[5] Plaintiff improperly alleges more than one claim for relief in certain of his "causes of action." This violates the rule of separate counts to promote clarity. See Fed. R. Civ. P. 10(b).

[6] A claim for tortious interference is inappropriate if the interferor is a party to the contract. Wilspec Techs., Inc. v. Dunan Holding Co., Ltd., 204 P.3d 69, 74 (Okla. 2009).

8

SunTrust asserts that plaintiff's fraudulent inducement allegation must be dismissed because plaintiff has not pled a false statement. Dkt. # 16, at 6. Plaintiff responds that a SunTrust employee's statement that plaintiff would qualify for a modification if he were to "miss a couple of his payments" was a misrepresentation and, at the very least, constructively false. Dkt. # 27, at 4.

"Actual fraud is the intentional misrepresentation or concealment of a material fact, with an intent to deceive, which substantially affects another person . . . ." Croslin v. Enerlex, Inc., No. 109,786, 2013 WL 2316553, at *4 (Okla. May 28, 2013) (footnote omitted); see also Okla. Stat. tit. 15, § 58 (2011) (including within the ambit of fraud "[a]ny other act fitted to deceive"). Constructive fraud need not be intentional, or even reckless; it may be based on negligent misrepresentation. Faulkenberry v. Kan. City S. Ry. Co., 602 P.2d 203, 206 n.6 (Okla. 1979). Plaintiff is alleging that a specific statement, which he believes to be false or a misrepresentation, induced him to cease paying his mortgage, resulting in damage to his credit, loss of loan opportunities, and expenses related to his foreclosure. Dkt. # 3-1, at 7. Plaintiff's claim for fraudulent inducement is plausible on its face and the facts provided raise the claim above a speculative level.

While SunTrust may ultimately be correct that the statement is neither false nor a misrepresentation, the Court must accept plaintiff's allegations as true unless they are conclusory in nature. See Erikson, 263 F.3d at 1154-55. Plaintiff's allegation that the statement is false is not conclusory. Plaintiff first alleges that a SunTrust employee told him that, if he took specific steps, he would be able to modify his mortgage. Dkt. # 3-1, at 4. He then alleges that he took those steps. Id. at 5. Finally, he alleges that no modification occurred. Id. at 7. This is not conclusory; it lays out exactly why the alleged statement was false or a misrepresentation. Plaintiff's claim for fraudulent inducement states a claim for relief.

9

SunTrust maintains that plaintiff's claim for promissory estoppel must be dismissed because plaintiff has failed to plead a clear and unambiguous promise. Dkt. # 16, at 7. Plaintiff argues that the statement of SunTrust's employee that missing payments would lead to a modification of his loan constitutes a clear, unambiguous promise. Dkt. # 27, at 5.

Promissory estoppel requires "(1) a clear and unambiguous promise, (2) foreseeability by the promisor that the promisee would rely upon it, (3) reasonable reliance upon the promise to the promisee's detriment and (4) hardship or unfairness can be avoided only by the promise's enforcement." Russell v. Bd. of Cnty. Comm'rs, Carter Cnty., 952 P.2d 492, 503 (Okla. 1997). Plaintiff has again pled sufficient facts; his allegations are not conclusory. He has specified an alleged promise: his loan would be modified if he were to forgo his mortgage payments. Dkt. # 3-1, at 4. It may be, as SunTrust suggests, that the employee's comments were merely an informational statement. But, as this is a motion to dismiss, all allegations must be construed in a light most favorable to the plaintiff. Plaintiff's claim is plausible and his right to relief is not merely speculative. The promissory estoppel claim is not subject to dismissal for failure to state a claim.

**2.**

Plaintiff's second cause of action alleges contributory negligence and negligent representation. Dkt. # 3-1, at 7. SunTrust asserts that plaintiff has failed to plead a duty owed by SunTrust to him. Dkt. # 16, at 7. "Oklahoma has adopted the Restatement (Second) of Torts § 552 for negligent misrepresentation." Lopez v. Rollins, 303 P.3d 911, 916 (Okla. Civ. App. 2013); see also Stroud v. Arthur Andersen & Co., 37 P.3d 783, 793-94 (Okla. 2001) (adopting Restatement (Second) of Torts § 552). The Restatement provides that:

> One who, in the course of his . . . employment . . . , supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary

10

>loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552.[7] Therefore, in cases of negligent misrepresentation, a duty of reasonable care will exist.

In its reply, SunTrust alleges that negligent misrepresentation, and its accompanying duty, is inapplicable because plaintiff has failed to allege any false information that has been communicated. Dkt. # 30, at 4. However, plaintiff alleges that some of the information provided by SunTrust was false, namely, "SunTrust's advice that missing payments would result in qualification of a distress program that would allow loan modification . . . ." Dkt. # 3-1, at 8. Plaintiff has plead sufficient facts to support a claim for negligent misrepresentation.

**3.**

Plaintiff's fourth cause of action[8] alleges intentional infliction of emotional distress. Dkt. # 3-1, at 9. SunTrust argues that the actions alleged by plaintiff are insufficiently outrageous to justify a claim for intentional infliction of emotional distress. Dkt. # 16, at 8.

Oklahoma courts recognize a cause of action for intentional infliction of emotional distress. See Gaylord Entm't Co. v. Thompson, 958 P.2d 128, 149 (Okla. 1998). The action is governed by

---

[7] Although negligent representation is limited to information supplied to others in their "business transactions," it would appear that in Oklahoma negligent misrepresentation would extend to representations involving a home mortgage. See Lopez, 303 P.3d at 913, 916 (allowing a negligent misrepresentation claim by the purchasers of a home against those who provided them with inaccurate square footage measurements).

[8] Plaintiff's third cause of action alleges abuse of process and malicious prosecution against Seterus. Dkt. # 3-1, at 8. This claim does not apply to SunTrust. Dkt. # 27, at 7.

11

the narrow standards laid out in the Restatement (Second) of Torts § 46. Id. In <u>Breeden v. League Servs. Corp.</u>, 575 P.2d 1374 (Okla. 1978), the Oklahoma Supreme Court explained:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!' The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.

<u>Id.</u> at 1376. To state a claim, a plaintiff must allege that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused the plaintiff's emotional distress; and (4) the resulting emotional distress was severe." <u>Schovanec v. Archdiocese of Okla. City</u>, 188 P.3d 158, 175 (Okla. 2008) (quoting <u>Computer Publ'ns, Inc. v. Welton</u>, 49 P.3d 732, 735 (Okla. 2002)). Under Oklahoma law, the trial court must assume a "gatekeeper role" and make an initial determination that the defendant's conduct "may be reasonably regarded as sufficiently extreme and outrageous to meet the Restatement § 46 standards." <u>Estate of Trentadue ex rel. Aguilar v. United States</u>, 397 F.3d 840, 856 n.7 (10th Cir. 2005) (applying Oklahoma law). If reasonable persons could reach differing conclusions in the assessment of the disputed facts, the court should submit the claim to a jury to determine whether the defendant's conduct could result in liability. <u>Id.</u> The court is to make a similar threshold determination with regard to the fourth prong, the presence of severe emotional distress. <u>Id.</u>

The alleged conduct of SunTrust is insufficiently outrageous to state a claim for intentional infliction of emotional distress. Plaintiff has merely alleged that SunTrust denied his requests for modification, that an unnamed SunTrust employee informed him that if he were to forgo his mortgage payments he would qualify for a modification, and that, once he was in default, SunTrust

12

transferred his mortgage to another company. None of these actions is atrocious and utterly intolerable.

Plaintiff had no right to a modification. It can hardly be considered outrageous that SunTrust declined to reduce or restructure plaintiff's liability to it when it had no obligation to do so. SunTrust's transfer of a defaulted mortgage to another company is a common business practice and, at worst, a mere annoyance or petty oppression. Although SunTrust's employee allegedly induced plaintiff's default, plaintiff still chose to forgo his mortgage payments -- payments plaintiff was legally required to pay. Any ensuing emotional distress is the result of plaintiff's conscious choice to default on his obligations. See Corder v. Okla. Med. Research Found., 980 P.2d 1122, 1127 (Okla. Civ. App. 1998) ("If [plaintiff] was embarrassed and humiliated, it appears more the result of his own ill-considered conduct than any action by [defendant]."). SunTrust's alleged actions are not outrageous,[9] and plaintiff cannot meet the required elements of the claim. Plaintiff's claim for intentional infliction of emotional distress should be dismissed for failure to state a claim.

**4.**

Plaintiff's fifth cause of action alleges violations of the Oklahoma Consumer Protection Act (OCPA), Okla. Stat. tit. 15, §§ 751-765 (2011). Dkt. # 3-1, at 11. SunTrust argues that the allegations in plaintiff's claim are either time barred or insufficient as a matter of law. Dkt. # 16, at

---

[9] The case cited by plaintiff in support of his claim for intentional infliction of emotional distress, Ragland v. U.S. Bank Nat'l Ass'n, 147 Cal. Rptr. 3d 41 (Cal. Ct. App. 2012), is distinguishable. In that case, the mortgagor's home was sold at foreclosure. Id. at 60. SunTrust has not sold plaintiff's home at foreclosure; it has merely transferred a defaulted mortgage to Seterus. While Seterus initiated foreclosure proceedings, those proceedings were dismissed without prejudice. See Fed. Nat'l Mortg. Ass'n v. Greer, No. CJ-2013-923 (Tulsa Cnty. Dist. Ct. Apr. 30, 2013), available at http://www.oscn.net/applications/oscn/Get CaseInformation.asp?number=cj-2013-923&db=Tulsa&submitted=true.

9-10. Plaintiff argues that SunTrust's actions, especially failing to provide him with a modification after informing him that he would be eligible if he were to miss a couple payments, do amount to deceptive or unfair trade practices. Dkt. # 27, at 8-10. The statute of limitations for the OCPA is three years. See Okla. Stat. tit. 12, § 95(A)(2) (providing a three year statute of limitations for "actions upon a liability created by statute other than a forfeiture or penalty"); Legacy Crossing, L.L.C. v. Travis Wolff & Co., 229 F. App'x 672, 682 (10th Cir. 2007) (holding that OCPA claims are subject to a three year statute of limitations).[10] Plaintiff's claim must have accrued after June 3, 2010, or it would be time barred. SunTrust's alleged actions after June 3, 2010, include informing plaintiff that if he were to "miss a couple payments" he would qualify for modification and, instead of providing a modification once plaintiff ceased making his mortgage payments, informing plaintiff that his loan was in default and transferring his loan to Seterus. Dkt. # 3-1, at 4-5.

A private action under the OCPA requires "(1) that the defendant engaged in an unlawful practice as defined at [Okla. Stat. tit. 15, § 753]; (2) that the challenged practice occurred in the course of defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury." Patterson v. Beall, 19 P.3d 839, 846 (Okla. 2000). Under the OCPA, unlawful activity includes any unfair or deceptive trade practice. Okla. Stat. tit. 15, § 753(20). A deceptive trade practice is "a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person," and an unfair trade practice is "any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially

---

[10]  This and all other unpublished opinions are not precedential but are cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

injurious to consumers." Id. § 752. The OCPA, being remedial in nature, is to be liberally construed. Patterson, 19 P.3d at 846. The trial court must determine on a case by case basis whether the alleged conduct constitutes an unfair trade practice. Id. at 847.

Given the liberal construction afforded to the OCPA, plaintiff has alleged facts which could give rise to a claim for unfair or deceptive trade practice. Plaintiff asserts that SunTrust's employee represented to him that, if he were to miss his mortgage payments, he would receive a modification. This alleged statement is a misrepresentation, a type of deceptive trade practice, as no modification occurred. Inducing a mortgagor to default on his mortgage with unfulfilled promises would also be an unethical or unscrupulous practice, both of which are unfair trade practices. Plaintiff's claim is plausible on its face and is not merely speculative, and thus states a claim.

5.

In his sixth cause of action, plaintiff alleges that "SunTrust allowed for misleading information to be furnished to certain credit reporting agencies in violation of [Okla. Stat. tit. 24, § 83 (2011)]," and failed to investigate and report on the issue of missed payments as required by the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681-1681x (2012). Dkt. # 3-1, at 11. SunTrust asserts that the FCRA and § 83 prohibit reporting only false, as opposed to misleading, information. Dkt. # 16, at 11-13. Additionally, SunTrust maintains that it has no duty to investigate a disputed issue absent formal notification. Id. at 13.

Plaintiff admits that the information reported—that he missed mortgage payments—is true, but contends that misleading information is covered by Okla. Stat. tit. 24, § 83. Dkt. # 3-1, at 12. The Court must determine if the Oklahoma Legislature intended to include true, yet misleading, information within the ambit of § 83. "The primary goal in reviewing a statute is to ascertain

15

legislative intent, if possible, from a reading of the statutory language in its plain and ordinary meaning." Consol. Grain & Barge Co. v. Structural Sys., Inc., 212 P.3d 1168, 1174 (Okla. 2009). Section 83 provides that "false" information shall not be provided to consumer reporting agencies or credit bureaus. Okla. Stat. tit. 24, § 83. The plain and ordinary meaning of "false" is "not true." See Webster's Third New International Dictionary 819 (Philip Babcock Grove ed., 1981) (defining "false" as "not corresponding to truth or reality"); see also Webster's II New College Dictionary 404 (Margery S. Berube et al. eds., 1995) (defining "false" as "[b]eing contrary to truth or fact"). There is no evidence that the Oklahoma Legislature intended to depart from this ordinary meaning.[11] Because the information that SunTrust reported was, as admitted by plaintiff, true, it cannot be false as required by the statute. Plaintiff's claim under section 83 should be dismissed for failure to state a claim.

Plaintiff's second allegation in its sixth cause of action is that SunTrust failed to fully investigate the missed payments. Dkt. # 3-1, at 12. SunTrust contends that plaintiff has failed to allege that SunTrust has been provided with notice of the dispute. Dkt. # 16, at 13. To invoke a furnisher of a consumer report's duty to investigate under the FCRA, the furnisher must be provided with notice. See 15 U.S.C. § 1681s-2(a)(8)(D) (requiring notice to be provided to the furnisher by the consumer to invoke the furnisher's investigative duty); id. §§ 1681i(a)(2), 1681s-2(b)(8)(D)

---

[11] The Oklahoma Supreme Court has held that the purpose of the statutory scheme as a whole (Okla. Stat. tit. 24, § 81-85) is to protect against "false or misleading ratings." Derryberry v. Retail Credit Co., 550 P.2d 942, 945 (Okla. 1976). However, this determination goes to the purpose of the entire scheme, not the legislative intent of this particular section. It is more likely that the scheme intends to protect against "misleading ratings" through the provisions that allow consumers access to opinions as to their creditworthiness. See e.g., Okla. Stat. tit. 24, § 82. Additionally, the Oklahoma Supreme Court's use of "false or misleading" tends to imply that the term "false" does not ordinarily encompass statements that are merely "misleading."

(requiring notice to be provided to the furnisher by a consumer reporting agency to invoke the furnisher's investigative duty). Plaintiff's petition contains no factual allegations that notice has been provided to SunTrust. <u>See generally</u> Dkt. # 3-1. Absent facts of such notice, plaintiff has failed to allege that SunTrust even had any duty to investigate. Therefore, plaintiff's claim that SunTrust violated the FCRA is merely speculative and should be dismissed for failure to state a claim.

### 6.

Plaintiff's seventh cause of action is for punitive damages. Dkt. # 3-1, at 12. SunTrust observes that this claim is derivative of plaintiff's other claims and asks that it be dismissed if all of plaintiff's other claims are dismissed. Dkt. # 16, at 13. Under Oklahoma law, punitive damages are generally considered to be an element of the recovery in a tort action. <u>Lierly v. Tidewater Petroleum Corp.</u>, 139 P.3d 897, 905-06 (Okla. 2006). They are a type of damages, not an underlying claim for relief. <u>Huggins v. Four Seasons Nursing Ctrs., Inc.</u>, No.07-CV-0396-CVE-PJC, 2007 WL 3113429, at *2 (N.D. Okla. Oct. 22, 2007). Therefore, plaintiff's separate claim for punitive damages fails to state a claim. However, plaintiff may seek punitive damages as an element of recovery, if appropriate, in his remaining tort claims.

### C. Leave to Amend

Plaintiff asks the Court for leave to amend to include a claim for breach of fiduciary duty and breach of the duty of good faith and fair dealing. Dkt. # 27, at 4. Plaintiff also requests leave to amend those claims which have been dismissed for failure to state a claim. <u>See</u> Dkt. # 27, at 2. SunTrust objects to plaintiff's request for leave amend based on LCvR7.2(e), which provides that a response may not contain a motion or cross-motion. Dkt. # 30, at 3. However, a judge may waive these local rules when the administration of justice so requires. LCvR1.2(c). Leave to amend should

17

be freely given. Fed. R. Civ. P. 15(a)(2); see also Triplett v. Leflore Cnty., Okla., 712 F.2d 444, 446 (10th Cir. 1983). Accordingly, the Court waives LCvR7.2(e). Plaintiff's request for leave to amend will be granted insofar as any amended complaint is not inconsistent with this opinion.

**IT IS THEREFORE ORDERED** that SunTrust Mortgage Inc.'s Motion to Dismiss and Brief in Support (Dkt. # 16) is **granted in part and denied in part**: it is granted as to plaintiff's claims, against SunTrust only, for contributory negligence and negligent representation due to SunTrust's alleged lack of communication and loss of paperwork, for tortious interference, for intentional infliction of emotional distress, for violations of the FCRA and Okla. Stat. tit. 24, § 83, and for punitive damages; it is denied in all other respects.

**IT IS FURTHER ORDERED** that plaintiff's request for leave to amend his complaint (see Dkt. # 27) is **granted**. Plaintiff may file an amended complaint, insofar as it is not inconsistent with this opinion, no later than **October 18, 2013**. If defendant files an amended complaint, he shall separately state and number his claims for relief, each count containing one claim. Defendants' responsive pleadings to the amended complaint are due within 14 days of the filing of the amended complaint.

**DATED** this 3rd day of October, 2013.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE